1  LAW OFFICES OF BARAK BERLIN
2  BARAK J. BERLIN (CASB No. 216115)
   Email: Barak@BerlinLawGroup.com
3  27349 Jefferson Ave, Ste 208
   Temecula, CA 92590
4  Telephone: (951) 296-6188
   Facsimile: (951) 296-6187

5  Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PINA MADRIGAL,<br><br>              Plaintiff,<br><br>    vs.<br><br>MAKENNA KALI & ASSOCIATES, INC., ZACH CARLILE, and DOES 1-10, Inclusive,<br><br>              Defendants. | CASE NO. 5:16-CV-02605<br><br>COMPLAINT FOR VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AND CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT<br><br><u>JURY TRIAL DEMANDED</u> |

   COMES NOW the Plaintiff, PINA MADRIGAL ("Plaintiff"), by way of Complaint against the Defendants, says:

**I. PRELIMINARY STATEMENT**

   1.   Pina Madrigal ("Plaintiff"), through Plaintiff's attorney, brings this action to challenge the actions of the Makenna Kali & Associates, Inc. ("Defendants"), with regards to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

5. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## II. JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

7. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

8. Because Defendants do business within the State of California, personal jurisdiction is established.

9. Venue is proper pursuant to 28 U.S.C. § 1391.

## III. PARTIES

10. Plaintiff Pina Madrigal is a natural person who resides in the City of Wildomar, County of Riverside, State of California.

11. At all times relevant to this Complaint, Makenna Kali & Associates, Inc. was an Arizona Corporation with an address and principal place of business as 1800 136th Place NE, Suite 214, Bellevue, WA 98005.

12. At all times relevant to this Complaint, Zach Carlile was an employee of Makenna Kali & Associates, Inc. with a business address of 1800 136th Place NE, Suite 214, Bellevue, WA 98005.

13. Plaintiff is allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

15. Defendants are comprised of persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

16. Defendants, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), and are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

18. Plaintiff is informed and believes, and based on said information and belief alleges, that at all relevant times mentioned herein, each defendant was the agent, employee, joint venturer, predecessor-in-interest, successor-in-interest, co-conspirator, alter ego or a partner of the other, and in doing the things alleged, was acting in the course and scope of said agency, employment, joint venture or other relationship. Each defendant has authorized, ratified and imposed the acts of the remaining defendants and each defendant ratified, entrusted, approved, joined in,

acquiesced and/or authorized the wrongful acts of each co-defendant, and each of them, as set forth below, and/or retained the benefits of said negligent and/or wrongful acts.

## IV. FACTUAL ALLEGATIONS

19. On or about April 14, 2014, Plaintiff is alleged to have incurred certain financial obligations.

20. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

21. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

22. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

23. Subsequently, but before March 29, 2016, the alleged debt was assigned, placed, sold, or otherwise transferred, to Defendants for collection.

24. On March 29, 2016, Defendant Makenna Kali & Associates, Inc., by and through their collector, Zach Carlile, sent a collection letter to Plaintiff.

25. Defendants claimed that Plaintiff's account with Hanson, Gorian, Bradford & Hanich ("Hanson") was assigned to Defendants for immediate collection of the balance.

26. Plaintiff never hired nor signed any contract with Hanson.

27. The letter did not include the description of debtor rights required by California Civil Code Section 1812.700(a).

28. The letter threatened to report this matter Plaintiff's credit bureau 30 days from the date of this letter.

## V. CAUSES OF ACTION

### COUNT I
### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### 15 U.S.C. §§ 1692 ET SEQ.

29. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

30. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to 15 U.S.C. §1692e.

31. 15 U.S.C. §1692e provides that

> a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section....
>
> (2) The false representation of –
>
>   (A) the character, amount, or legal status of any debt....
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false…
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt …

32. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages, including emotional distress, pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

# COUNT II
# ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
# (ROSENTHAL ACT)
# CAL.CIV.CODE §§ 1788-1788.32

33. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

34. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32.

35. Civil Code Section 1812.700(a) provides that

> In addition to the requirements imposed by Article 2 (commencing with Section 1788.10) of Title 1.6C, third-party debt collectors subject to the federal Fair Debt Collection Practices Act (15 U.S.C. Sec. 1692 et seq.) shall provide a notice to debtors that shall include the following description of debtor rights:
>
> "The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov."
>
> (b) The notice shall be included with the first written notice initially addressed to a California address of a debtor in connection with collecting the debt by the third-party debt collector.
>
> (c) If a language other than English is principally used by the third-party debt collector in the initial oral contact with the debtor, a notice shall be provided to the debtor in that language within five working days

36. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages, including emotional distress, pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendants.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor as follows:

A. **For the FIRST CAUSE OF ACTION**:
- (i) An award of actual damages pursuant to 15 U.S.C. §1692k(a)(1), including emotional distress.
- (ii) An award of the maximum statutory damages for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- (iii) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and
- (iv) For such other and further relief as may be just and proper.

B. **For the SECOND CAUSE OF ACTION**:
- (i) An award of actual damages pursuant to Cal. Civil Code §1788.30(a), including emotional distress;
- (ii) An award of the maximum statutory damages for Plaintiffs pursuant to Cal. Civil Code §1788.30(b);
- (iii) Attorney's fees, litigation expenses, and costs pursuant to Cal. Civil Code §1788.30(c); and
- (iv) For such other and further relief as may be just and proper.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, Pina Madrigal, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

DATED:  December 21, 2016          LAW OFFICES OF BARAK BERLIN

/s/ Barak J. Berlin
BARAK J. BERLIN
Attorneys for Plaintiff Pina Madrigal